IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 06-22180-CIV-HUCK/SIMONTON

THE HERITAGE CORPORATION OF
SOUTH FLORIDA, a Florida corporation,

    Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., a foreign
corporation, and AMERICAN INTERNATIONAL
GROUP, INC., a foreign corporation.

    Defendants.
_____/

## ORDER OF DISMISSAL

This cause is before the Court upon Defendants National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and American International Group, Inc.'s ("AIG") Motions to Dismiss Plaintiff's Complaint. (DE Nos. 2 and 5, respectively). The Court has considered the Motions and other written submissions of the parties related thereto and also the oral arguments of the parties. The Court is duly advised in the premises.

## BACKGROUND

Plaintiff Heritage Corporation of South Florida ("Heritage") seeks to hold National Union and its corporate parent, AIG, liable for failing to settle claims for losses in excess of $3.8 million that Heritage sustained on account of fraudulent acts committed by certain of its employees between 1996 and 2000. According to Heritage, National Union was required to indemnify it from such losses under the terms of four fidelity bonds and three errors and omissions insurance policies National Union issued to Heritage. When National Union denied coverage for the full amount of Heritage's losses, Heritage sued National Union to recover its damages. *See Heritage Corporation of South Florida,* et al. *v. National Union Fire Ins. Co. Of Pittsburgh, PA,* et al., Case No. 01-3519-CIV-HUCK. The Court takes notice of those prior proceedings, the resolution of which is a predicate to

this action, and which form an integral part of Heritage's Complaint.[1] *See* Compl. at ¶¶ 29-31.

Prior to the trial of Heritage's initial action against National Union, this Court determined that Heritage's losses were not covered by any of the three errors and omissions policies issued by National Union.[2]  Additionally, the Court determined that only one of the four fidelity bonds purchased by Heritage from National Union – the Financial Institution Bond in effect in 1998, when Heritage discovered its employees' fraud (the "1998 Bond") – provided coverage for Heritage's losses.[3] Moreover, the court determined that the 1998 Bond's coverage was limited to $1 million.

Following trial of Heritage's initial action against National Union, the jury rendered a special interrogatory verdict finding that Heritage suffered a loss in the amount of $80,310.00 resulting from the fraudulent acts of its employees and that such loss was compensable under the 1998 Bond.[4] Subtracting the $25,000 deductible applicable under the terms of the 1998 Bond, the jury found Heritage entitled to recover $55,310.00 from National Union.

Heritage is now suing National Union under §§ 624.155(1) and 626.9541(1)(i), Florida

---

[1]While a court generally does not take judicial notice of its own records in another and distinct case even between the same parties, the Court does so here because Heritage's claims are predicated on the resolution of the previous litigation. *See Blanchard v. State Farm Mutual Automobile Ins. Co.*, 575 So.2d 1289, 1291 (Fla. 1991).  In addition, Heritage has incorporated in its Complaint the Court's October 29, 2002 Final Judgment in Case No. 01-3519-CIV-HUCK and other facts pertinent to this decision.  The Motions to Dismiss and Plaintiff's Responses thereto also make extensive reference to the prior proceedings.  Moreover, at the oral argument held on October 26, 2006, neither party objected to the Court's statement that it would take judicial notice of the prior proceedings

[2]*See* ORDER GRANTING DEFENDANT/COUNTER-PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ERRORS AND OMISSIONS INSURANCE POLICIES, entered August 9, 2002 in *Heritage Corporation of South Florida,* et al. *v. National Union Fire Ins. Co. Of Pittsburgh, PA,* et al., Case No. 01-3519-CIV-HUCK (DE #172).

[3]*See* ORDER GRANTING DEFENDANT/COUNTER-PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON FINANCIAL INSTITUTION BONDS, entered August 9, 2002 in *Heritage Corporation of South Florida,* et al. *v. National Union Fire Ins. Co. Of Pittsburgh, PA,* et al., Case No. 01-3519-CIV-HUCK (DE #173).

[4]See FINAL JUDGMENT, entered October 29, 2002 in *Heritage Corporation of South Florida,* et al. *v. National Union Fire Ins. Co. Of Pittsburgh, PA,* et al., Case No. 01-3519-CIV-HUCK (DE #212).

Statutes, to recover for damages it allegedly sustained on account of National Union's alleged unfair claim settlement practices. According to Heritage, National Union's denial of coverage was in bad faith and caused Heritage to end its operations. Heritage claims damages in excess of $5 million. National Union has moved to dismiss Heritage's Complaint on the basis that it fails to set forth the elements of a proper bad faith claim under the statutes cited above. Defendant AIG has moved to dismiss the Complaint because it was not Heritage's "insurer" and is not vicariously liable for any wrongdoing on the part of National Union. The Court now considers each Defendant's Motion to Dismiss.

## STANDARD ON A MOTION TO DISMISS

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994)(*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hummings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Systems, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)(citations omitted); *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1983). "[U]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief can be granted. *M/V Sea Lion V v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994)(citations omitted). Nevertheless, to survive a motion to dismiss, plaintiff must do more than merely "label" his claims. *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## **NATIONAL UNION'S MOTION TO DISMISS**

National Union argues that Heritage has failed to state a claim of bad faith under §624.155, Florida Statutes. The Court agrees. Section 624.155 provides in relevant part:

(1) Any person may bring a civil action against an insurer when such person is damaged:

    (a) By a violation of any of the following provisions by the insurer:

        1. Section 626.9541(1)(i) . . .or

    (b) By the commission of any of the following acts by the insurer:

        1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests; . . .

        3. Except as to liability coverages, failing to promptly settle claims, when the obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

National Union argues that Heritage's claim under §624.155 fails because Heritage's initial action against it was not resolved favorably to Heritage. This argument is based on the Florida Supreme Court's holding in *Blanchard v. State Farm Mutual Automobile Ins. Co.*, that "[a]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue." 575 So.2d 1289, 1291 (Fla. 1991). Here, even though a jury ultimately awarded Heritage $55,310.00 from National Union, that was only a small fraction of the $3.8 million in losses for which Heritage sought coverage. Heritage, on the other hand, argues that an insured's recovery of even one dollar from an insurer can give rise to a bad faith claim pursuant to the holding in *Blanchard*.

Thus, the question before the Court is whether Heritage's very limited jury award constituted a "favorable" resolution, from which a bad faith claim against National Union could accrue. While

4

there is little guidance in Florida case law as to what distinguishes a favorable resolution from an unfavorable one in this context, common sense dictates that Heritage's claims were *not* resolved in its favor. After discovering its employees' fraud, Heritage presented National Union with a claim for losses "in excess of three million dollars" pursuant to the 1998 Bond.[5] After National Union denied that claim, Heritage brought suit against National Union to recover the full amount of its losses pursuant to the terms of seven different insurance instruments under which Heritage claimed coverage. As noted above, the Court found that only one of the seven instruments – the 1998 Bond – could serve as a basis for Heritage's recovery.    Ultimately, the jury awarded Heritage only $55,310 of the $1 million available under the 1998 Bond.  Clearly, this was not a favorable resolution for Heritage. It was rendered even less favorable by the fact that Heritage was forced to pay $352,415.56 of National Union's attorneys' fees on account of its rejection of an offer of judgment from National Union for $250,001 on June 6, 2002.

Despite its assertion that National Union acted in bad faith in attempting to settle its claim, there is no indication that Heritage would have accepted any amount less than the full amount of its losses, let alone an offer of $55,310.  The fact that National Union denied Heritage's claim for more than $3.8 million is in no way indicative of bad faith where it was ultimately determined that National Union was responsible for less than 1.5% of that amount. At no point does it appear that National Union "could and should have" attempted to settle Heritage's claim. *See* §624.155(1)(b), Florida Statutes.  Nor does it appear that National Union failed to "promptly settle claims, when the obligation to settle a claim [became] reasonably clear." *Id*.  Therefore, even accepting all the facts in the Complaint as true, the Court finds that Heritage cannot claim bad faith on the part of National Union because Heritage's action against National Union was not resolved in its favor as required by *Blanchard*.

To state it differently, Heritage has no "bad faith" damages as contemplated by §624.155, Florida Statutes, because Heritage does not allege, nor could it in good faith do so, that  it would

---

[5]*See* ORDER GRANTING DEFENDANT/COUNTER-PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON FINANCIAL INSTITUTION BONDS, entered August 9, 2002 in *Heritage Corporation of South Florida,* et al. *v. National Union Fire Ins. Co. Of Pittsburgh, PA,* et al., Case No. 01-3519-CIV-HUCK (DE #173).

have accepted the amount which the jury determined to be due under the 1998 Bond. Without such damages, Heritage cannot state a cause of action under §624.155, Florida Statutes. *See Blanchard*, 575 So.2d at 1291 ("[t]hus, an insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue); *Vest v. Travelers Insurance Company*, 753 So.2d 1270, 1274 (Fla. 2000)("...we held that in order to state a cause of action for bad faith, Imhof had to allege that there had been a determination of the extent of his damages covered by the underlying insurance contract."). In this case, Heritage was not entitled to the coverage or reimbursement of the losses it sought from National Union and National Union did not exercise bad faith in denying the same.

Next, National Union argues that Heritage's allegations fail to establish that its purported damages were *caused* by its alleged bad faith, as opposed to the massive fraud undertaken by Heritage's own employees. Indeed, it is puzzling how Heritage can claim that its insurer's bad faith in settling an insurance claim worth $55,310 caused it to end its operations and suffer damages "in excess of $5 million" as alleged in the Complaint. The Complaint itself reveals that it was Heritage's employees – not National Union – that caused Heritage to lose millions and close its business. Even assuming for the sake of argument that Heritage's $55,310 covered loss was the proverbial hair that broke the camel's back, Heritage itself could have avoided its collapse by demanding an amount commensurate with its actual covered losses or by accepting National Union's $250,001 offer of judgement. Accordingly, it appears beyond doubt that Heritage can prove no set of facts in support of its claim of bad faith which would entitle it to the relief it seeks. Furthermore, in view of the initial litigation between these parties, it does not appear that Heritage could in any way amend its Complaint to correct the deficiencies identified herein. Accordingly, dismissal of the Complaint with prejudice is appropriate.

### AIG'S MOTION TO DISMISS

Heritage also seeks to hold National Union's parent company, AIG, liable for National Union's alleged bad faith. *See* Compl., ¶4. AIG moves to dismiss the Complaint because it was not Heritage's "insurer," as contemplated by §624.155, Florida Statutes, and because Heritage provides no grounds on which AIG could be held vicariously liable for National Union's alleged

wrongdoing. In view of the Court's ruling above that Heritage was not damaged by National Union's alleged bad faith, there is no damage for which AIG could be held vicariously liable. It is, therefore, unnecessary to address AIG's argument that it was not Heritage's "insurer" for the purpose of §624.155, Florida Statutes. Accordingly, the Court Grants AIG's Motion to Dismiss the Complaint. It is hereby

ORDERED that Heritage Corporation of South Florida's Complaint is DISMISSED WITH PREJUDICE.

DONE AND ORDERED in Chambers this 27th day of October, 2006.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Magistrate Judge Simonton
All Counsel of Record